**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Jose Romero-Tovar, | Case No.: 2:26-cv-01740-APG-DJA |
| Petitioner, | **Service and Appointment of Counsel Order** |
| v. | |
| ICE., | [ECF No. 1-1] |
| Respondent. | |

Petitioner Jose Romero-Tovar, an immigration detainee, who is challenging the lawfulness of his federal detention at the Nevada Southern Detention Center, has filed a pro se petition for federal habeas corpus relief under 28 U.S.C. § 2241. ECF No. 1-1. Petitioner has not paid the filing fee and he has not filed an application to proceed in forma pauperis. Petitioner has not named a respondent warden, and the Court cannot determine under what statutory authority Petitioner is detained or what constitutional claims he may have, so the Court defers ruling on the Petition. However, the Court finds that the appointment of counsel is in the interest of justice due to the potential complexities of this case and will permit counsel to file an amended petition if warranted.[1] The Court also directs that the Petition be served on the United States Attorney's Office for the District of Nevada ("USAO").

IT IS THEREFORE ORDERED that the Federal Public Defender for the District of Nevada ("FPD") is appointed to represent Petitioner and is directed to file a notice of appearance

---

[1] Prisoners applying for habeas corpus relief are entitled to appointed counsel when the circumstances indicate that appointed counsel is necessary to prevent due process violations or when the interests of justice so require. 18 U.S.C. § 3006A; Rule 8(c), Rules Governing § 2254 Cases; *Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).

(or indicate its inability to represent Petitioner) within 7 days of the date of this Order. If the FPD is unable to represent Petitioner, because of a conflict of interest or for any other reason, alternate counsel will be appointed. Appointed counsel will represent Petitioner in all federal proceedings related to this matter, including any appeals or certiorari proceedings, unless allowed to withdraw. If the FPD files a notice of appearance in this matter, it (1) will then have 30 days from the date of this Order to file either an amended petition or a motion to dismiss the Petition, (2) shall effectuate service of the amended petition, if one is filed, on Respondents, and (3) shall file a motion for leave to proceed in forma pauperis on Petitioner's behalf.

IT IS FURTHER ORDERED that the Clerk of Court:

1.    File the Petition (ECF No. 1-1).

2.    Send a copy of the Petition (ECF No. 1-1) and this Order to the FPD at ecf_nvchu@fd.org, Petitioner, and the CJA Coordinator for this division.

3.    Add the USAO to the docket as an Interested Party. Pursuant to District of Nevada's General Order 2026-03 (Feb. 13, 2026), this constitutes service on all federal respondents under Federal Rule of Civil Procedure 4 and 28 U.S.C. § 2243. The USAO is not required to file a response to the petition at this time.

4.    MAIL a copy of the Petition (ECF No. 1, 1-1) and this order pursuant to Rule 4(i)(2) of the Federal Rules of Civil Procedure to John Mattos, Warden, Nevada Southern Detention Center, 2190 E. Mesquite Ave., Pahrump, NV 89060.

5.    SEND a copy of the Petition (ECF No. 1-1) and this order to Ashley Hesman (Mattos's attorney) at ahesman@strucklove.com.

2

IT IS FURTHER ORDERED that the United States Attorney's Office for the District of Nevada file a notice of appearance within 7 days of the date of this order and file and serve their answer to the amended petition, if one is filed, within 14 days of service of the counseled amended petition. Petitioner will then have 7 days to file a reply.

IT IS FURTHER ORDERED that the federal respondents must, within 14 days of the date of this order produce the following documents to Petitioner's Counsel: (1) I-200 Warrant for Arrest of Alien; (2) Form I-286 Initial Custody Determination; (3) I-862 Notice to Appear; (4) Form I-213 Record of Deportable or Inadmissible Alien; (5) all immigration court orders in Petitioner's removal proceedings; (6) documents certifying any appeal of any immigration court orders by Department of Homeland Security or Petitioner; (7) transcripts and/or audio recordings of any custody redetermination proceedings. Alternatively, the federal respondents must CERTIFY that any of the listed documents are not in their custody or control.[2]

IT IS FURTHER ORDERED that the parties must meet and confer regarding any requests for an extension of deadlines and stipulate to the extension if possible. Any motion for extension must certify efforts taken to meet and confer and indicate the opposing party's position regarding the extension.  Any motion or stipulation must comply with Federal Rule of Civil Procedure 6(b) and Local Rules IA 6-1, 6-2.

---

[2] The Court finds that ordering the federal respondents to produce documents relevant to the lawfulness of Petitioner's detention is necessary for the Court to "dispose of the matter as law and justice require." *See Harris v. Nelson*, 394 U.S. 286, 290 (1969). A detained habeas petitioner "is usually handicapped in developing the evidence needed to support in necessary detail the facts alleged in his petition . . . and a habeas corpus proceeding must not be allowed to founder in a 'procedural morass.'" *Id*. at 291–92 (citation omitted). Accordingly, pursuant to Rule 6 of the Rules Governing § 2254 Cases—which the Court, in its discretion, applies to this § 2241 matter, *see* § 2254 Rule 1(b)—the Court finds good cause to order the federal respondents to produce relevant documents in their possession, custody, or control.

IT IS FURTHER ORDERED that Respondents shall not transfer Petitioner out of this District, with the exception of effectuating Petitioner's lawful deportation.[3]

DATED: June 11, 2026

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE

---

[3] *See F.T.C. v. Dean Foods Co.*, 384 U.S. 597, 604 (1966) (noting the court may use its "express authority under the All Writs Act to issue such temporary injunctions as may be necessary to protect its own jurisdiction").